Curia, per Harper, Ch.
The case of Ragsdale vs. Booker, cited by the Chancellor, appears to us, as it did to him, to be in point.
It is s oposed, however, to. be overruled by that of Duke vs. Dyke, apart from the consideration, that the words in that case import the passing of a present interest or estate; “ I have given and granted, and by these presents do give and grantand in the present case purport to give nothing till the testator’s death.
“ I give.” If these words are supplied, “ after my death,” the question now before us seems not to have been considered or made. The only question examined is, whether a remainder in a slave may be limited by deed, when there is no trust, after the creation of a life estate, a point which I suppose we may now consider settled. Ho suggestion appears to have been made of the testamentary character of the paper. The case of Harris vs. Saunders seems to have turned on proof of the delivery. The cases of Pitts vs. Mangum, and McGinnis vs. Wallace, Riley’s Eq. Rep., 280, seem also to be in point. It is true that in those cases the gift was made by parol, but I am not aware that any' disposition of personal property, which may be effected by deed, may not be made by parol accompanied with delivery. It is not necessary to make the enquiry, which was principally urged, whether an interest or estate may be created in chattels to take effect in futuro. If it be limited to arise on any other event than the death of the grantor, the instrument cannot, of course, be of a testamen *263 tary character, or even on that event, if it be founded on a valuable consideration, as in the instance of a term limited to arise on the death of the grantor, with a reservation of rent. In general, a testamentary disposition implies a voluntary disposition, or one grounded only on natural love and affection. But, in contemplation of law, even that consideration does not exist to support the instrument in the present case. The question is, what is a will 1 It would be very difficult to give any definition which would not include the paper in question. The legal declaration of a party’s intentions, which he directs to be performed after his death. (Rice Digest, title Will, 13,) referring to MS, Dec. 1822. “ Where the paper is in the form of a deed, letter or memorandum, or in any other form, containing an actual disposition of his estate, to take effect after his death.” McGinnis vs. McCants, 1 McC. 517. In Ously vs. Carrol, cited in Ward vs. Turner, 2 Ves. 440, the terms were, “I have given and granted, and give and grant to my five sisters and the children of the sixth, in case they survive me,” as explained by Butler, J. 2 Ves. jun. 230. The question is not whether the maker supposed it to be a deed or a will. If the only effect is to dispose of property after the maker’s death, it must operate as a will or not at all. It was argued that such papers have been construed wills, in order to give them effect, and not to defeat them, and something of the sort is said in Habersham vs. Vincent, the case last referred- to. In Ragsdale vs. Booker, however, the effect of the decision was to defeat the paper. It must be recollected, that the policy of the law requires three witnesses to a disposition of a man’s estate, to take effect after his death; and we are bound to annul and defeat whatever contravenes that policy. But if an instrument like the present can have operation and effect, it ' plain that a man may make a disposition of his entire ;tate, with two witnesses, or one witness, by simply changing the usual introductory words of a will into ‘‘know all men by these presents.”
It is therefore ordered and decreed, that the decree be reversed, and the bills dismissed.
Dunkin, Gh., concurred. Johnston, Ch., absent from indisposition.